The Chancellor.
Elizabeth Emans, the wife of the complainant, and Joseph W. Emans, the defendant, are devisees under the will of Jacob Emans, deceased.
On the 29th of October, 1853, a partition was made by the devisees, by consent, of the lands devised, and mutual deeds or releases were executed by the parties to carry the partition into effect. This partition is alleged to be fraudulent, unequal, and unjust, as against the said Elizabeth, and the complainants having intermarried, on the 21st of February, 1859, an agreement was entered into between the complainants of the one part, and the defendant of the other, to *117 submit the dispute touching the said partition to arbitration; and in case the partition was found to be unequal, the arbitrators were empowered to award to the said Elizabeth so much more of the land as should equalize the shares. On the 29th of August, 1859, the arbitrators awarded that the defendant should convey to the complainant 23IS'001)- acres to equalize the partition. The defendant refuses to execute a conveyance in pursuance of the award, or otherwise to perform the same. The bill prays—
1. That the defendant be decreed specifically to perforin the award.
2. If for any cause the court decline to decree specific performance, that the court will ascertain whether the said partition was fair and equal; and if not, to declare and decree how much more and what lands the defendant shall convey to the complainants to make the partition equal.
3. For general relief.
To that part of the bill which seeks a performance of the award the defendant has answered. To the remainder of the bill, seeking equitable relief against the original partition, a demurrer is filed.
1. Because the fairness of the partition cannot bo questioned, while the complainant, by his bill, insists upon the validity of the award, arid asks a performance thereof.
2. Because the complainants cannot retain the lands received by the said Elizabeth under the partition, and upon the ground of fraud or unfairness in making said partition ask that part of the lands assigned to the defendant shall be decreed to be conveyed to her.
3. Because he cannot be compelled to litigate the fairness of the partition until the award shall be declared to be inoperative.
He also demurs orally to the bill, upon the ground of multifariousness.
1. The first ground of demurrer is well taken. The bill states that the dispute between the parties touching the partition was submitted to arbitrators, who made an award *118 pursuant to the submission. The primary object of the bill is to enforce the performance of the award. It proceeds upon the ground of the validity of the award, and expressly charges that it is binding and conclusive upon the parties to the arbitration, and each of them. Upon demurrer, the admissions and averments of the bill must be taken as true. It is clear that if the award is valid, the parties are concluded by it, and the validity of the partition cannot be drawn in question, or the rights of the parties under the will attempted to be established. The fact that the validity of the award is contested by the defendant’s answer cannot be material. So long as it is in existence, and the complainant claims the benefit of it, it will, at least as against him, be deemed valid and binding until it is declared to be inoperative. It is unnecessary to consider the other causes assigned as ground of demurrer to this part of the bill.
2. The bill is demurrable for multifariousness. Lord Redesdale limits the vice of multifariousness to cases where by one bill the plaintiff demands several matters of different natures against several defendants. Mitford’s Eq. Pl., by Jeremy, 181.
It includes, also, the uniting of several matters, perfectly distinct and unconnected, against the same defendant. Cooper’s Eq. Pl. 182; Story's Eq. Pl., § 271; 1 Daniels’ Ch. Pr. 383, 391 — 393.
The objection in the latter class of cases, “though termed multifariousness, is in fact more properly misjoinder; that is to say, the cases or claims united in the bill are of so different a character that the court will not permit them to be litigated in one record.” Per Lord Cottenham, Chancellor, in Campbell v. Mackay, 1 Mylne & Craig 615; 1 Daniels' Ch. Prac. 391.
It may be observed too, as the result of the authorities upon the latter class of cases, that the question is often one of expediency in the conducting of suits rather than of principle. And that the objection, though it might have been fatal upon demurrer, will not be sustained upon final *119 hearing, if the court is satisfied that no embarrassment or confusion will result in the making or execution of the final decree. On the other hand, if the court anticipate such result, it will, of its own motion and upon final hearing, insist upon the objection.
The leading object of this bill is to enforce the specific performance of an award of arbitrators. The submission to arbitration related to the fraud or unfairness of a partition of certain lands devised to the parties, and included the power of making a just partition. A new partition was in fact made. If the award cannot be enforced, the bill further asks that the court will relieve against the unfairness or fraud of the partition. Now it is apparent that these are matters of' a distinct character. The one relates to the validity of the submission and award and the power and propriety of enforcing a specific performance, the other to die equality and fairness of the partition.
The matters involve totally distinct questions, requiring different evidence and leading to different decrees. The argument on the part of the complainant is, that the object of the bill is to recover the portion of land to which the complainants are entitled under the will of Jacob Emans, and that the will, the partition, and the award are but different titles to the same thing. The answer is, that the will, the deed, and the award are not different titles to the same thing. If they were, there would be no difficulty in the case. One of the grounds of complaint in the bill is, that the deed of partition did not give to the complainants what the will gave. The award gives to the complainant twenty-three acres more than she received by the partition. They are not different titles for the same thing. Nor is it an accurate statement of the case to say that the primary object of the bill is to recover the land devised by the will. It is in fact to recover the land awarded by the arbitrators, and failing that object, to have a just partition made of the land devised by the will.
The bill contemplates three objects, viz. to enforce the *120 award, or if that fails, to declare the partition unequal or fraudulent, and to adjust or equalize the shares of the parties entitled under the will. The objects are not only totally distinct but are inconsistent.
The demurrer being sustained as to a part of the bill, for the cause specially assigned, the objection on the score of multifariousness is removed. The rest of the bill, not covered by that ground of demurrer, remains in court, and the complainant, as to that part of his case, may proceed as if there had been no demurrer. Mitford’s Pl., by Jeremy, 216; 1 Daniels’ Ch. Prac. 695.